Case 1:25-mj-00238-MAU     Document 1-1

Case: 1:25-mj-00238
Assigned To: Judge Upadhyaya, Moxila A.
Assign. Date: 10/7/2025
Description: COMPLAINT W/ARREST WARRANT

# STATEMENT OF FACTS

1. On October 30, 2024, at approximately 5:30 p.m., members of the Metropolitan Police Department's (MPD) Robbery Suppression Unit ("RSU"), were on duty in a plain-clothes capacity wearing armored vests with the word "POLICE" written on the front and back clearly visible. The RSU members pulled into the alley behind 3847 9th Street, Southeast, Washington, D.C. 20032. RSU members were familiar with the house located at that address, having previously executed a search warrant on the house, and knew from that experience that it was used as a "drug house" where narcotics were manufactured, stored, and packaged for sale.

2. 3847 9th Street, Southeast, Washington, D.C. 20032 is located at the intersection of 9th Street, Southeast, and Wahler Place, Southeast. It is located directly across, from the Achievement Preparatory Academy, a public charter school with enrollment from Kindergarten through Eighth Grade.



3. Members of RSU observed multiple individuals exit the rear of 3847 9th Street, Southeast, Washington, D.C. 20032, one of which RSU identified as Jerrad Anthony CHILDS

("CHILDS"). CHILDS was observed exiting the residence, but remained in the immediate area. RSU members knocked on the rear door of 3847 9th street; an elderly female opened the door, and in plain view, RSU members observed large amounts of white powder, baggies, and other paraphernalia which they recognized as being consistent with possession with the intent to distribute cocaine. RSU members could also smell what they recognized to be the odor of PCP coming from inside the residence. The elderly woman stated she did not live at the residence and that she did not think anyone else was inside.

4. Having seen CHILDS exit the residence and having observed what they believed to be signs of drug distribution inside the residence, RSU members decided to secure the residence until a search warrant could be obtained. Prior to applying for the warrant, RSU members performed a security sweep to ensure no one else was inside the residence. While conducting the security sweep, RSU members observed the drug evidence they had already seen, additional drug evidence, and two firearms in plain view in the kitchen.

5. Metropolitan Police Department (MPD) applied for, and received, an emergency search warrant to search 3847 9th Street, Southeast, Washington D.C, which search began at approximately 9:12 p.m.

6. During the search, RSU members discovered and seized four loaded handguns:

    a. A loaded Glock, model 19X, 9mm semi-automatic handgun fitted with a high-capacity extended magazine.

    b. A loaded Springfield Armory, model XD45, .45 caliber semi-automatic handgun.

    c. A loaded Glock, model 17, 9mm semi-automatic hadngun fitted with a high-capacity extended magazine.

d.   A loaded Glock, Model 23, .40 caliber semi-automatic handgun fitted with a high-capacity extended magazine.

7.   DNA Swabs were collected from the four firearms and compared with buccal swabs collected from CHILDS and other persons. Subsequent DNA testing confirmed results consistent with the presence of CHILDS' DNA on the Glock, Model 23, .40 caliber semi-automatic handgun. Specifically, the DNA test report stated that it was approximately 3.4 quadrillion times more likely that the CHILDS and three unknown persons contributed to the DNA sample collected from the handgun than if four unrelated persons had contributed to the DNA sample. According to the report, this is "very strong support" for the proposition that CHILDS contributed to the DNA sample collected from that handgun.

8.   In addition to the firearms, RSU members also discovered and seized a large volume of suspected narcotics, including a white powdery substance, a white rocklike substance, a waxy substance, and vials of an amber liquid. In addition, the RSU members discovered and seized paraphernalia consistent with drug distribution, including strainers, Pyrex bowls, plastic bags, and digital scales.



9. The suspected narcotics was transmitted to a DEA laboratory for testing, which testing confirmed the presence of Fentanyl, Cocaine, Phencyclidine (PCP), Heroin, and Cocaine Base, also known as "crack," in the following quantities.

| SUBSTANCE | QUANTITY |
|---|---|
| N-Phenyl-N-[1-(2-phenylethyl)-4-piperidinyl]propenamide (Fentanyl) | 241.84g |
| Cocaine | 31.658g |
| Phencyclidine (PCP) | 9.8g |
| Heroin | 7.858g |
| Cocaine Base | 1.136g |

10. Your Affiant is aware that CHILDS had previously been convicted of a crime punishable by more than one year. Specifically, CHILDS was convicted of Possession with Intent to Distribute Cocaine in D.C. Superior Court Case Number 2017 CF2 5090 and sentenced to 6 months' incarceration followed by 24 months' supervised probation. CHILDS was also convicted of Unlawful Possession of a Firearm by a Convicted Felon in Prince George's County, Maryland Circuit Court Case Number CT211153X and sentenced to 5 years' incarceration, with 42 months suspended, to be followed by 5 years' supervised probation.

11. Based on the foregoing, there is probable cause to conclude that on or about October 30, 2024, in the District of Columbia, Jerrad Anthony CHILDS committed the offense of Possession With Intent to Distribute 40 Grams or More of Fentanyl, a Schedule II Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vi).

12. Based on the foregoing, there is also probable cause to conclude that on or about October 30, 2024, in the District of Columbia, Jerrad Anthony CHILDS committed the offense of Possession With Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Cocaine, a Schedule II Controlled Substance, Phencyclidine (PCP), a Schedule II Controlled

Substance, Heroin, a Schedule I Controlled Substance, and Cocaine Base, also known as "crack," a Schedule II Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

13. Based on the foregoing, there is also probable cause to conclude that on or about October 30, 2024, in the District of Columbia, Jerrad Anthony CHILDS committed the offense of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1).

14. Based on the foregoing, there is also probable cause to conclude that on or about October 30, 2024, in the District of Columbia, Jerrad Anthony CHILDS committed the offense of Possessing a Firearm in Furtherance of a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i).

Respectfully Submitted,

_____
Special Agent Najla Muhammad
Bureau of Alcohol, Tobacco, Firearms, and Explosives

Subscribed and sworn by telephone pursuant to Fed. R. Crim. P. 4.1 and 41(d)(3) on October 7, 2025.

_____
HON. MOXILA A. UPADHYAYA
UNITED STATES MAGISTRATE JUDGE